## Schwartz v. Schwartz

*Lenard M. Sagot*, for plaintiff.

*William Farran*, for defendant.

WEINROTT, J., April 30, 1965.—Plaintiff, Barbara Eve Schwartz, has filed this action in equity against her mother, defendant Bertha Schwartz, and defendant, Grand Union Federal Savings and Loan Association, seeking to establish title to a certain savings account there entitled, "Bertha Schwartz in trust for Barbara Schwartz." A preliminary injunction was requested to keep this deposit intact until final hearing.

At the hearing on the rule for preliminary injunction, the only testimony offered was that on the part of plaintiff. Defendant did not testify. Plaintiff stated that in 1948 when she was six years of age her mother took her to the bank near her home and deposited $22, stating that she was opening a savings account for the child. Thereafter, plaintiff went to the bank to make deposits on about 30 occasions, usually with her mother. Sums which plaintiff received from relatives on her birthdays, holidays and at graduation were the source of these deposits. On one occasion her grandmother gave her $1,000 which she had deposited.

Plaintiff also had an account in the Philadelphia Saving Fund Society where she accumulated over $900 arising from gifts of money. She withdrew this from the Philadelphia Saving Fund Society and redeposited it into the account in question.

The only withdrawal noted in the record was $2,300 in 1957 when plaintiff was about 15 years of age. Her mother asked if she could borrow it for the business she was operating. The money was actually repaid by defendant in installments, with interest. Later plaintiff earned some money working part-time in her mother's store and for others. That money also went into the account. Plaintiff's mother always stated that the account was plaintiff's, and plaintiff maintained the passbook in her desk at home.

Counsel for defendant mother contended that plaintiff has shown merely a revocable tentative trust which belonged to the mother until her death, and that the orphans' court has exclusive jurisdiction.

The Orphans' Court Act of August 10, 1951, P. L. 1163, art. III, sec. 301, as amended, provides:

"The orphans' court shall have exclusive jurisdiction of. . . . (3) Inter vivos trusts. The administration and distribution of . . . inter vivos trusts. . . ."

Section 102 of said act states that "Inter vivos trust" means an express trust other than a trust created by will, taking effect during the lifetime or at or after the death of the settlor. It includes a tentative trust.

However, the terms, administration and distribution of trusts inter vivos do not in our opinion include the right of determination as to whether or not a tentative trust exists. For if it is established that the account was not a tentative trust but solely the personal account of plaintiff, then the orphans' court could have no basis for jurisdiction. Moreover, these proceedings certainly do not involve either the administration or distribution of a tentative trust even if one were found to exist.

Plaintiff's testimony demonstrated the establishment of an account exclusively for the benefit of and belonging to plaintiff. Plaintiff's mother did not in any respect intend to exercise any control over the account or to retain any interest therein. If she did, defendant would not request permission of plaintiff to borrow some of the fund and then repay her withdrawal with interest. The sole purpose for the account being opened in the name of the mother was apparently because the child was too young at that point to have an account in her own name. There is no question that, based on the testimony elicited thus far, the funds deposited therein belonged to plaintiff.

Defendant mother has not seen fit to introduce any evidence at this point, although at final hearing she will again have such opportunity.

In view of the foregoing findings we were constrained to enter an order granting a preliminary injunction restraining defendant, Bertha Schwartz, from withdrawing any funds in the account until final hearing.